UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LEON JENNINGS, | ) | |
|         Petitioner, | ) ) ) | |
|         v. | ) ) | No. 1:22-cv-02040-MPB-TAB |
| MARK R. SEVIER, | ) ) ) | |
|         Respondent. | ) | |

**ORDER GRANTING MOTION TO DISMISS HABEAS PETITION**

Leon Jennings, a prisoner at New Castle Correctional Facility, bring this habeas petition challenging his parole revocation for his conviction under Indiana Cause No. 71D01-9801-CF-29. The respondent moves to dismiss based on Mr. Jennings' failure to exhaust his available state court remedies. As explained below, the motion to dismiss, dkt. [8], is **GRANTED**, and this action is now **DISMISSED WITHOUT PREJUDICE**.

**I.**
**BACKGROUND**

Mr. Jennings was convicted of child molesting and sentenced to 40 years in the Indiana Department of Correction ("IDOC") on March 15, 1999. Dkt. 8-1. His petition states the following:

> On 11/8/18, petitioner entered into a recommended agreement via the short term intervention program with B. Peterson (parole officer) which stipulates; GPS Monitoring, increased supervision, polygraph at offenders expense, short term incarceration (45 days), curfew (9 pm – 5 am). Ultimately, after serving 23 days, petitioner was placed back into the custody of the IDOC and thus remains.

Dkt. 1 at 3.

Mr. Jennings has submitted a copy of the November 8, 2018, parole agreement in support of his petition. Dkt. 8-1 at 1. He has also submitted an IDOC Classification Appeal, in which he argued, "My Due process rights ha[ve] been illegally taken away from me by (I.D.O.C. / Parole

Staff)." *Id.* at 3. This classification appeal was rejected because prisoners may not challenge their parole revocations through the IDOC Classification Appeals Process. *Id.*

The respondent has filed a motion to dismiss, arguing that Mr. Jennings failed to exhaust his available state court remedies before filing this habeas petition. Dkt. 9. According to the respondent, Indiana Post-Conviction Rule 1(1)(a) allows a prisoner to challenge the lawfulness of his parole revocation by filing a petition for post-conviction relief. *Id.* at 9; (quoting Ind. Post-Conviction Rule 1(1)(a) ("Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . that his . . . parole or conditional release [has been] unlawfully revoked . . . may institute at any time a proceeding under this Rule to secure relief.").

In response, Mr. Jennings does not argue that he challenged his parole revocation in a petition for post-conviction relief before filing this habeas petition. *See generally* dkt. 13. Instead, he argues that he "has no administrative remedy available to resolve this issue, as the Grievance Procedure clearly prohibits a remedy for such an action." *Id.* at 1. Mr. Jennings has also filed a motion asking the Court to deny the respondent's motion to dismiss and proceed to the merits of his petition. Dkt. 16 (plaintiff's "motion to accept jurisdiction").

## II.
### DISCUSSION

"To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citation and quotation marks omitted); *see* 28 U.S.C. § 2254(b)(1)(A).

It is undisputed that Mr. Jennings failed to present his claims about his parole revocation in state court. The issue is whether he could have presented these claims in state court before filing this habeas petition.

The respondent argues that Mr. Jennings could have presented his claims in state court through a petition for post-conviction relief under Indiana Post-Conviction Rule 1(1)(a). Indeed, Indiana Post-Conviction Rule 1(1)(a) expressly states that an individual may file a petition for post-conviction relief claiming that his "parole or conditional release [has been] unlawfully revoked." In light of this language, and the representation by the Indiana Attorney General's Office that Mr. Jennings has an available state court remedy, the Court finds that Mr. Jennings failed to exhaust his available state court remedies before filing this habeas petition. *See Lauderdale-El v. Ind. Parole Bd.*, 35 F.4th 572, 581 (7th Cir. 2023) (crediting the Indiana Attorney General's representation in a motion to dismiss a habeas petition for failure to exhaust that a prisoner may bring his claims in a petition for post-conviction relief and interpreting this representation to me that "if [petitioner's] claim or a similar one is brought in state court, the office will not challenge the court's jurisdiction to hear the claim").

Accordingly, Mr. Jennings' petition is **DISMISSED WITHOUT PREJUDICE**. Nothing in this Order prevents Mr. Jennings from filing a subsequent habeas petition after presenting his claims through a complete round of state court review.[1]

---

[1] The respondent also argues that Mr. Jennings' habeas petition is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(D). However, § 2244(d)(1) only applies to a person "in custody pursuant to the judgment of a State court." *Id.* The Seventh Circuit does not consider the judgment of a state administrative body to be a judgment of a "State court" for purposes of § 2244(d)(1). *See Cox v. McBride*, 279 F.3d 492, 493-94 (7th Cir. 2010); *see also Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) (no certificate of appealability is needed to appeal the denial of a § 2254 petition challenging a parole revocation, because the parole revocation did not "arise[] out of process issued by a State court") (quoting 28 U.S.C. § 2253(c)(1)(A). Accordingly, the Court rejects the respondent's timeliness argument and dismisses the petition without prejudice for failure to exhaust.

## IV.
### CONCLUSION

The respondent's motion to dismiss, dkt. [8], is **GRANTED**. Mr. Jennings' "motion to accept jurisdiction" which the Court construes as a request to deny the respondent's motion to dismiss, dkt. [16], is **DENIED**. The petition is **DISMISSED WITHOUT PREJUDICE**. Final judgment in accordance with this Order shall now issue.

**IT IS SO ORDERED**.

Date: May 26, 2023

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

LEON JENNINGS
985926
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Thomas Pratt
Office of Indiana Attorney General
Thomas.Pratt@atg.in.gov